UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81232-MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

    Plaintiff,

v.

RONNI CHOWDRY, d/b/a ATLAS AVIATION
SALES AND LEASING, a/k/a ATLAS AVIATION,

    Defendant.
_____/



## ORDER AWARDING ATTORNEY'S FEES TO PLAINTIFF AND AGAINST DEFENDANT

THIS CAUSE is before the Court upon Plaintiff, Freestream Aircraft USA, Ltd.'s ("Plaintiff") Memorandum in Support of Plaintiff's Fee Award ("Memorandum") [DE 47]. Defendant, Ronni Chowdry d/b/a Atlas Aviation Sales and Leasing a/k/a Atlas Aviation, has filed a Response [DE 52]. This matter is now ripe for review.

## BACKGROUND

On September 27, 2017, the undersigned entered an Order Granting in Part and Denying in Part Plaintiff's Motion for Sanctions [DE 44]. The Court granted an award of attorney's fees in favor of Plaintiff and against Defendant pursuant to Rule 37(b)(2)(C) and the inherent authority and jurisdiction of the Court. *Id.* at p. 2. The award of fees was limited to the attorney's fees expended by Plaintiff's counsel in filing and litigating Plaintiff's Motion for Sanctions [DE 27]. *Id.* The Court required Plaintiff to file a memorandum to support the amount of attorney's fees and costs being claimed and required Defendant to file a memorandum in response to Plaintiff's memorandum. *Id.*

1

In Plaintiff's Memorandum, it claims that its attorneys expended 37.4 hours in researching and drafting the motion for sanctions and reply, pre-motion analysis, and efforts to confer. [DE 47, p. 2]. Plaintiff additionally states that it incurred a total of $29,674 in attorney's fees for the drafting and arguing of the motion for sanctions. *Id.* at p. 3. Attached to the Memorandum is the Affidavit of Lauren F. Louis. [DE 47-1].

In response, Defendant first notes that the motion for sanctions was 14 pages in length, only cited to seven cases, and contained 2-3 pages of quoted material. [DE 52, p. 1]. Defendant next argues that the 7.4 hours of billing from before the drafting of the motion for sanctions should not be included in the fee award. *Id.* at p. 2. Defendant contends that the hours listed by counsel in the table affixed to Ms. Louis' affidavit contains more hours than Ms. Louis' narrative about how the hours were spent does. *Id.* at p. 3. Defendant asserts that the Affidavit submitted by Plaintiff's counsel does not contain "an itemized breakdown or detailed time-sheets" and fails to discuss the "local market rates for lawyers, the relative complexity of this case or even the particular qualifications of counsel that would justify enhanced billing rates." *Id.* at p. 5. Defendant maintains that the fee award claimed is excessive. *Id.* In sum, Defendant disputes both Plaintiff's counsel's hourly rates and the time that they billed on this matter. *Id.* at p. 6.

## LEGAL STANDARD

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community

for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

## ANALYSIS AND DISCUSSION

### 1. Reasonable Hourly Rate

In seeking reimbursement for its attorney's fees, Plaintiff relies on the affidavit of Lauren F. Louis, Esq., supporting the claimed hourly rates of Plaintiff's counsel. According to the affidavit, Ms. Louis bills at the rate of $570 per hour; Daniel Crispino, Esq., a staff attorney, bills at the rate of $320 per hour; Corey Gray, Esq., an associate, bills at a rate of $480 per hour; Courtney Rockett, Esq., a partner, bills at a rate of $900; and Michael Calvin, a paralegal and case manager, bills at the rate of $290.00 per hour. [DE 47-1]. Defendant argues that reasonable rates for Plaintiff's counsel would be the following: $350 per hour for both Ms. Rockett and Ms. Louis, $275 per hour for Mr. Gray (who was admitted to the Florida Bar in 2015), $250 per hour for Mr. Crispino (who was admitted to the Florida Bar in 2016), and $125 for Mr. Calvin (a

3

paralegal). [DE 52, p. 6].

The Court has considered the affidavit, the supporting evidence, and the *Johnson* factors. First, with regard to Ms. Rockett, who is an attorney in New York office of her law firm, the Eleventh Circuit Court of Appeals has held, and the Southern District of Florida has recognized, that generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes*, 168 F.3d at 437; *see Hermosilla v. Coca-Cola Co.*, Case No. 10-21418-CIV, 2011 WL 9364952 at *7 (S.D. Fla. July 15, 2011). In order to recover non-local rates, the fee applicant must show that there is a lack of attorneys practicing in the local market who are willing and able to handle the case. *Barnes*, 168 F.3d at 437. The Court finds that there are plenty of attorneys in South Florida that could have handled this case and, more specifically, the discovery practice in this case. Based upon on the Court's own knowledge and experience, the Court concludes that Ms. Rockett's hourly rate of $900 is very high, compared to the range of rates currently charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. *See Bivins,* at 1350, n. 2. Instead, an hourly rate of $400.00 for Ms. Rockett is a reasonable and suitable alternative that most closely approximates a rate for a competent and reasonably priced lead partner in this market who could successfully handle a relatively simple motion for sanctions. *See Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-81157-CIV, 2013 WL 6729648, *2 (S.D. Fla. Aug. 2, 2013) (finding $400.00 to be a reasonable hourly rate in responding to a motion for protective order for a partner with twenty-five years' experience).

The Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may

4

consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F. 2d at 1303 (citations omitted). However, without any explanation as to why the remaining attorneys should receive such high rates and based on the Court's own knowledge and experience, the Court finds that Ms. Louis' hourly rate should be reduced to $375, Mr. Gray's hourly rate should be reduced to $275, Mr. Crispino's hourly rate should be reduced to $250, and Mr. Calvin's hourly rate should be reduced to $150.[1]

2. **Number of Hours Reasonably Expended**

Next the Court must determine whether the hours billed were reasonable. In the table contained within Ms. Louis' affidavit, it states that Plaintiff's counsel spent 61 hours total on this matter. [DE 47-1]. The Court first notes that Plaintiff's counsel did not attach any time entries to the affidavit, so the Court must rely on Ms. Louis' narrative as to the tasks completed related to the filing and arguing of the motion for sanctions. The September 27, 2017 hearing on the motion was approximately 1.2 hours. When the Court considers the length of the hearing in conjunction with Ms. Louis' narrative, it appears that Mr. Calvin billed only 7.5 hours on this matter (not 9.4 hours as claimed in the table), Mr. Gray billed only 17.2 hours on this matter (not 18.2 as claimed in the table), and Ms. Louis billed only 20.6 hours on this matter (not 29.4 hours as claimed in the table). Mr. Crispino's 3.7 hours and Mr. Rockett's 0.3 hours listed in the table are accounted for in Ms. Louis' narrative.

The Court has carefully reviewed Ms. Louis' explanation of the hours billed related to the

---

[1] The Court is not finding that these reduced rates would necessarily be the applicable billable rates in any motion for attorney's fees which may be later filed by Plaintiff's counsel. Moreover, the Court is not making any negative comment on the competency of Plaintiff's counsel in this case. Quite to the contrary, the undersigned is very familiar with Lauren F. Louis, Esq., and knows her to be a highly skilled, ethical, and extremely competent counsel.

5

motion for sanctions. First, the Court agrees with Defendant's argument that the attorney's fee award should not include the 7.4 hours incurred in "analyzing Defendant's answer, prior evidence, and attempting to confer with defense counsel before beginning to undertake to draft the Motion for Sanctions." The Court only granted sanctions for attorney's fees incurred in preparing, filing, and arguing the motion for sanction and reply thereto. The Court does not consider the 7.4 hours to fall within the scope of the attorney's fees award.

Second, Plaintiff's motion for sanctions was approximately 12 pages in length and did not contain any complex arguments. It should not have taken over 22 collective hours to draft and finalize a 12-page motion. The amount of time billed is beyond what was necessary and reasonable. Similarly, it should not have taken a total of 15.5 hours to prepare for the hearing on the motion for sanctions.

Third, the narrative in Ms. Louis' affidavit does seem to be commensurate with block billing. This is not permissible because it prevents the Court from determining which portion of the fees billed on a particular date and/or task is recoverable and which is not. It is the Plaintiff's burden to properly document its hours, and Plaintiff has provided insufficient support for the hours claimed.

Fourth, it appears based on the limited information before the Court that several attorneys were working on the same tasks. This is not permitted. *See Nation Motor Club*, 2013 WL 6729648 at *2 ("[E]ach attorney's contributions must be distinct, and not redundant, in order to merit compensation."). There was no need for four attorneys and a paralegal to be involved in a relatively simple motion for sanctions.

### 3. Calculation of Attorney's Fee Award

In order to calculate the appropriate fee award the Court first must multiply the reduced

reasonable rates of the attorneys and paralegal by the number of hours that are actually accounted for in Ms. Louis' narrative.[2] This total is $14,626. The Court will also subtract 3.7 hours billed by Mr. Crispino and 3.7 hours billed by Ms. Louis because, as explained above, this time falls outside of the scope of the attorney's fees award. The new total is $12,313.50.

Next, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350. Here, Plaintiff has not met its burden of establishing entitlement to and documentation of all of the hours billed, as required. Taking into account all of the deficiencies in the billing entries and the excessive nature of time billed, the Court will reduce the fee award by 50%. The total attorney's fees award is therefore $6,156.75.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Ronni Chowdry shall reimburse Plaintiff for its attorney's fees in the amount of $6,156.75. Defendant is ordered to make such payment within thirty (30) days from the date of this Order.

---

[2] The calculation would be $150 times 7.5 hours for Mr. Calvin, $250 times 3.7 hours for Mr. Crispino, $275 times 17.2 hours for Mr. Gray, $375 times 20.6 hours for Ms. Louis, and $400 times 0.3 for Ms. Rockett.

**DONE AND ORDERED** in Chambers this 20th day of October, 2017, at West Palm Beach, Palm Beach County, in the Southern District of Florida.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE