UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-81232-CIV-MARRA/MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

        Plaintiff,

vs.

RONNICHOWDRY, d/b/a ATLAS AVIATION
SALES AND LEASING, a/k/a ATLAS
AVIATION,

        Defendant.

_____/

## NON-PARTY ATLAS AVIATION SALES & LEASING, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

    **Non-Party**, Atlas Aviation Sales & Leasing, LLC, hereby files this Reply to Plaintiff's Motion to Quash Subpoena and for Protective Order pursuant to Rule 26 and Rule 45 of the Federal Rules of Civil Procedure, and in support thereof would state the following:

    **I.**      **BACKGROUND**

1. Firstly, it is important for the Court to understand that Atlas Aviation Sales & Leasing, LLC ("Atlas Aviation"), is **not a party to this lawsuit.**

2. Plaintiff repeatedly but improperly refers to Atlas Aviation as a "dba" or "alter ego" of Ronni Chowdry.

3. However, it is undisputed that at all times material to the allegations contained in the Complaint, Atlas Aviation was a limited liability company registered in Delaware. See **EXHIBIT A.**

4. Moreover, there is no allegation of alter-ego in Plaintiff's Complaint, nor has there ever been a factual finding of alter-ego in this case by the Court.

5. Accordingly, Atlas Aviation remains, properly, a non-party to this lawsuit. See *Gasparini v. Pordomingo*, 972 So. 2d 1053 (Fla. 3d DCA 2008) (stating that a corporation is separate legal entity, distinct from the persons comprising them). See *also Houri v. Boaziz*, 196 So. 3d 383 (Fla. 3d DCA 2016) (stating that even if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained.)

6. In this case, the Plaintiff has improperly named Atlas Aviation as a "DBA" of Ronni Chowdry, with no allegations of alter-ego, whatsoever, in the Complaint.

7. Thus, Atlas Aviation is a separate legal entity that has not been sued in this action – a **non-party.** Plaintiff, respectfully, does not get to make a non-party a party by simply referring to it as a "DBA" or alter-ego.

8. Secondly**,** the Defendant has not admitted liability as is alleged by the Plaintiff in its Response, nor is that relevant as to whether or not **Non-Party** Atlas Aviation, is entitled to have the subpoena, at issue quashed.

9. In its Response, the Plaintiff cherry-picks excerpts of deposition transcripts that do not provide the Court the full context of the particular line of questioning. Frankly, it would not be practicable to go through all portions of every transcript to explain in this Reply.

10. However, the Defendant has expressly denied liability in this case, including, but not limited to, his responses to the Plaintiff's Requests for Admissions. See **EXHIBIT B.**

> 3. Admit that you agreed to accept $2,580,950.00 into your Atlas Aviation LLC PNC Bank account, number 12-1193-1379, to hold for the benefit of Plaintiff. Admitted with respect to Defendant's agreement to accept $2,580,950.00 into Atlas Aviation LLC PNC account.

**<u>Denied</u> that said funds were to be held for the benefit of Plaintiff and no one else.**

4. Admit that Plaintiff was the owner of the Funds at the time you received them in your account.

**<u>Denied</u>. Defendant is without knowledge as to the true ownership of the Funds** received into the Atlas Aviation LLC PNC account, **nor has Plaintiff or Tyrus Wings Ltd. ever furnished documentary evidence of said ownership.**

11. Accordingly, the Defendant has not admitted liability and the true ownership of the funds is still in question – a question for the jury to decide.

## II.    ARGUMENT

12. Because Atlas Aviation is a Non-Party, Atlas Aviation properly filed a Motion to Quash to the Subpoena pursuant to Rule 26 and Rule 45.

13. The Motion was not filed by Mr. Chowdry, nor was he required to since Atlas Aviation[1] has standing to object to the subpoena.

14. Rule 45 expressly permits a person subject to a subpoena to file a motion to quash same if it requires disclosure of privileged or other protected matter. Fed R. Civ. P. 45(d)(3).

15. The privilege log requested is attached hereto as **EXHIBIT C.**

16. With regard to Atlas Aviation's claim of privilege, Atlas Aviation will rest on the legal argument and cases set forth in its Motion to Quash Subpoena [DE 65]. In accordance therewith, Atlas Aviation respectfully requests an in-camera review of the documents and/or an evidentiary hearing in accordance with the cases cited there.

17. Finally**, the discovery cutoff in this case expired on November 8, 2017 [DE 49].**

18. Under the Court's Rules, all discovery must be served well in advance of the discovery cutoff date so that any motion related to that discovery can be resolved before the cutoff date. *AB Diversified Enterprises, Inc. v. Global Transport Logistics, Inc.,* No. 06-21308-

---

[1] The documents sought are the financial records of Atlas Aviation, among other things.

CIV, 2007 WL 1362632, at 1 (S.D. Fla. May 7, 2007). See also *Poe v. Carnival Corp.*, No. 06-20139-CIV, 2007 WL 211118, at *2 (S.D. Fla. Jan. 23, 2007) (all issues related to pending discovery must be resolved before the discovery cutoff date and no argument need be made for discovery matters still at issue after the discovery cut-off date). See also Local Rule 26.1(d).

19. In accordance with the above, the Court would have to extend the discovery cutoff period in order to permit Plaintiff to move forward on the Subpoena.

20. However, the Plaintiff has neither asked for an extension of the discovery cut-off period, nor was the Plaintiff willing to agree to the Defendant's[2] request for same which was made in this case.

21. If the Court is going to extend the discovery cutoff date to permit Plaintiff to seek the documents subject to the Subpoena, then it should also permit the Defendant an extension of the same to conduct the discovery that he is seeking.

## III.    CONCLUSION

22. For the reasons stated above, good cause exists to quash the Subpoena as to Terry Rice and to enter a protective order protecting the accountant-client privileged documents.

23. The Court should also grant the relief sought herein because the Plaintiff has not agreed to extend the discovery cut-off date, which was requested by the Defendant.

**WHEREFORE**, the Non-Party, Atlas Aviation and Sales, LLC, respectfully requests that this Honorable Court enter an Order Quashing the Subpoena as to Terry Rice, enter a protective order barring production of the documents in question, and for such further relief as the Court deems just and proper.

---

[2] The undersigned also represents the Defendant in this case.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 9, 2017, a true and correct copy of the foregoing was served via electronic mail to the following counsel of record: Lauren F. Louis, Esq, llouis@bsfllp.com, Boies, Schiller & Flexner, LLP, 401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301.

**SUNDARSINGH LAW, P.L.**
BY: <u>/s/ Mandell Sundarsingh</u>
Mandell Sundarsingh, Esquire
Sundarsingh Law, P.L.
Attorney for Atlas Aviation and Sales, LLC
4440 PGA Blvd, Suite 502
Palm Beach Gardens, FL 33410
(561) 475-2295 telephone
(561) 584-7634 facsimile
FL BAR NO.:  57562
Primary Email: Mandell@creativelaw.net
Secondary Email: Paralegal@creativelaw.net