UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81232-MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

    Plaintiff,

vs.

RONNI CHOWDRY, d/b/a ATLAS AVIATION SALES AND LEASING, a/k/a ATLAS AVIATION,

    Defendant.

_____/



## ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY ATLAS AVIATION SALES & LEASING, LLC'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER [DE 65]

**THIS CAUSE** is before the Court upon Non-party, Atlas Aviation Sales & Leasing, LLC's ("Atlas Aviation") Motion to Quash Subpoena and for Protective Order ("Motion") [DE 65]. Plaintiff, Freestream Aircraft USA Ltd. ("Plaintiff"), filed a response [DE 69], Atlas Aviation filed a reply [DE 75], and Plaintiff filed a sur-reply [DE 85] as ordered by the Court.

## BACKGROUND

On November 22, 2017, the Court entered an Order summarizing all of the parties' arguments, setting forth the law pertaining to protective orders, and determining that there is no issue currently before the Court regarding Atlas Aviation's 2014 tax return as Plaintiff has already obtained it from a different subpoena, and Atlas Aviation did not object to that subpoena. [DE 86, pp. 1-4]. The Court also required Atlas Aviation to submit for *in camera* review all of the documents listed in its privilege log other than the 2014 federal tax return. *Id.* at p. 5. Atlas Aviation timely submitted the documents as required.

## ANALYSIS

In their filings, the parties analyze the accountant-client privilege under both Florida law and Maryland law, as Maryland is where the accountant resides and does business.

### Florida Accountant-Client Privilege

The Court will first consider Florida law as the lawsuit was filed in the Southern District of Florida and Florida state law causes of action are alleged in the Complaint. Section 90.5055, Florida Statutes, sets forth the accountant-client privilege. The statute states in relevant part that

> A client has a privilege to refuse to disclose, and to present any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice.

Fla. Stat. § 90.5055(2). Under Florida law, "financial records and data which are not privileged in the hands of the client cannot be shielded from discovery deposition or subpoena by transferring them to the client's accountant." *Paper Corp. of Am. v. Schneider*, 563 So. 2d 1134, 1135 (Fla. 3d DCA 1990) (citing *Goldberg v. Ross*, 421 So.2d 669 (Fla. 3d DCA 1982); *Ashcraft v. Harvey*, 315 So.2d 530 (Fla. 4th DCA 1975); *Silverman v. Turner*, 188 So.2d 354 (Fla. 3d DCA 1966)); *see also PDR Grayson Dental Lab, LLC v. Progressive Dental Reconstruction, Inc.*, 203 So. 3d 213, 214 (Fla. 1st DCA 2016).

### Maryland Accountant-Client Privilege

Since Mr. Rice, the accountant, resides in and does business in Maryland, the Court will also consider the accountant-client privilege under Maryland law. Maryland law provides as follows:

2

> (b) In general. – Except as provided in subsections (c) and (d) of this section or unless expressly permitted by a client or the personal representative or successor in interest of the client, a licensed certified public accountant or firm may not disclose: (1) The contents of any communication made to the licensed certified public accountant or firm by a client who employs the licensed certified public accountant or firm to audit, examine, or report on any account, book, record, or statement of the client; (2) Any information that the licensed certified public accountant or firm, in rendering professional service, derives from: (i) A client who employs the licensed certified public accountant or firm; or (ii) The material of the client.

Md. Code Ann., Courts and Proceedings, §9-110. Courts, however, have limited and restated the privilege to actually cover only "any *confidential communication* made to a licensed certified public accountant or firm by a client who employs the accountant or firm to audit, examine, or report on any account, book, record, or statement of the client" and to protect "from disclosure any information that the accountant or firm, in rendering professional services, derives from the client *in the course of a confidential communication with the client,* or from material of the client *given to the accountant in the course of a confidential communication.*" *Vellone v. First Union Brokerage Servs., Inc.*, 203 F.R.D. 231, 234 (D. Md. 2001); *see also Bresler v. Wilmington Tr. Co.*, No. CV PJM 09-2957, 2013 WL 12204286, at *1 (D. Md. Aug. 8, 2013).

### Court's Ruling

Having reviewed the relevant law and having closely reviewed the *in camera* documents, the Court finds that Atlas Aviation has properly withheld all of the documents as accountant-client privileged except for Atlas Aviation's 2013 Operating Agreement. Under both Florida and Maryland law, the Operating Agreement is not protected by the accountant-client privilege because it is not a confidential document, but simply an attachment to one of Atlas Aviation's email to Mr. Rice, and because the Operating Agreement would be discoverable directly from Atlas Aviation or even possibly Defendant. It is also relevant and

proportional to the issues in this case. The Operating Agreement shall be produced to Plaintiff on or before December 6, 2017.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Non-party, Atlas Aviation Sales & Leasing, LLC's Motion to Quash Subpoena and for Protective Order [DE 65] is **GRANTED IN PART AND DENIED IN PART**.

2. As the Court previously ruled in a prior Order [DE 86], there is no current issue regarding Atlas Aviation's 2014 tax return. If Mr. Rice later discovers additional tax returns responsive to the subpoena, the tax returns shall be produced to Plaintiff subject to a confidentiality order.

3. Atlas Aviation shall produce its 2013 Operating Agreement to Plaintiff on or before **December 6, 2017**.

4. The Motion is granted as to all remaining documents listed in Atlas Aviation's privilege log. None of the remaining documents shall be produced.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of December, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge