UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-81232- MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

    Plaintiff,

vs.

RONNI CHOWDRY, d/b/a ATLAS AVIATION
SALES AND LEASING, a/k/a ATLAS
AVIATION,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Freestream Aircraft USA Ltd. ("Freestream"), by and through its undersigned counsel, moves for Leave to File an Amended Complaint. Plaintiff seeks leave to amend the complaint (1) to name as defendants Atlas Aviation LLC ("Atlas Aviation"); Atlas Aviation Sales & Leasing LLC ("Atlas Sales"); and Atlas Luxury Jets LLC ("Atlas Luxury") (together, the "Atlas Entities"), (2) to allege a claim for piercing the corporate veil, and (3) to add one additional claim for unjust enrichment. The proposed Amended Complaint is attached as exhibit A to this Motion.

## INTRODUCTION

1. When Plaintiff initiated this suit, it was with limited knowledge of the corporate forms of Defendant Ronni Chowdry.

2. Discovery has revealed not only various iterations of Chowdry's corporate entities, but the degree to which he has commingled their respective assets and used the corporate form as a sham. The Atlas Entities operate at the discretion of Chowdry, and he uses them interchangeably to meet his goals.

3. Indeed, Chowdry's recently filed Amended Answer contends that two of the three corporate defendants, Atlas Sales and Atlas Aviation, are indispensable parties to this action, and further points to Atlas Aviation as the real party in interest as recipient of Plaintiff's stolen Funds.

4. Whether the acts alleged were committed by Chowdry individually or by and through his alter ego corporations, Plaintiff should be permitted to seek relief against him in all his forms.

5. The proposed amended complaint expressly pleads a claim to pierce the corporate veil and the factual basis to do so.

6. The proposed amended complaint additionally alleges that Chowdry and Corporate Defendants were unjustly enriched by their retention of Plaintiff's Funds.

7. The amended allegations do not materially alter Plaintiff's theory of the case, nor would they expand the scope of discovery required. Indeed, the amendments track discovery propounded and the theories espoused in defendant's recent filings, including the newly amended Answer.

8. Granting the motion for leave would not require the Court to extend deadlines in this case or effect the trial date.[1]

9. Plaintiff conferred with defense counsel prior to the filing of this Motion and described the proposed changes in the Amended Complaint. Counsel indicated he would need to review the motion before he could indicate his position on the relief sought and that he would indicate his agreement or opposition before defendant's response to the motion came due.

---

[1] No date has been set for trial but the Court recently proposed three dates for a special setting, ranging from June 25 to August 27, 2018.

## ARGUMENT

Outside the prescribed period for amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 further states that "[t]he court should freely give leave when justice so requires." *Id.* Absent a justifiable reason to deny leave, courts should allow amendment. Justifiable reason has been defined as (1) undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) undue prejudice to the opposing party; or (3) futility. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (reversing trial court dismissal and remanding with instruction to allow plaintiffs leave to amend their complaint in part because "mere passage of time" was not sufficient to establish prejudice to defendants).

Adding claims based on discovery, where it does not wholesale change the theory of the case, is an appropriate ground to amend the complaint. *See Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (granting motion to amend complaint by adding defendant and additional claims on the basis of newly discovered evidence and finding defendant was not prejudiced and amendment was not futile or caused by undue delay); *Zarnick v. Painewebber, Inc.*, 95-138-CIV-FTM-17, 1995 WL 631821, at *2 (M.D. Fla. Oct. 24, 1995) (stating the "basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial."); *Cabarrocas v. Resolution Trust Corp.*, 840 F.Supp. 888, 889 (S.D. Fla. 1993) (granting untimely motion to amend complaint to allow additional claim and finding the defendant would not be unduly burdened).

It is necessary for Plaintiff to amend the complaint in order to add the Corporate Defendants as defendants. Plaintiff should be permitted to pursue relief based on the evidence that Chowdry has used the Corporate Defendants to perpetuate fraud, has controlled the Corporate Defendants

3

to such a degree that they lack separateness, and has commingled assets with and among the Corporate Defendants to such a degree as to warrant piercing the corporate veil.

No justifiable reason to deny leave applies here. Plaintiff has not delayed in seeking leave to amend, but has diligently pursued the discovery necessary to substantiate the present claims. Defendant's continued deposition was conducted last month, revealing further bases for Plaintiff's amended claims. Defendant cannot claim prejudice, as the Court has recently allowed Defendant to amend his answer. *See* DE 83.

Defendant himself has argued that Atlas Sales and Atlas Aviation are indispensable parties to this action, and claims that Atlas Aviation is the real party in interest as recipient of Plaintiff's stolen Funds. *See* DE 73, 84.

Thus, Plaintiff seeks to amend the complaint in order to add a claim for piercing the corporate veil, based on these revelations during discovery. Such claim does not change Plaintiff's theory of the case or expand the scope of discovery to be completed.

Plaintiff also seeks leave to amend the complaint to add a count for unjust enrichment, which also does not wholesale change the theory of the case. "The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1301 (S.D. Fla. 2016) (citing *Hillman Const. Corp. v. Wainer*, 636 So.2d 576, 577 (Fla. 4th DCA 1994)).

A claim for unjust enrichment does not change the wholesale theory of the case, nor would it prejudice defendant. Thus, the Court should allow Plaintiff to add this claim in its amended complaint.

## CONCLUSION

Because good cause exists for leave to amend the complaint, and no justifiable reason exists to deny leave, the Court should allow Plaintiff to amend the complaint to add the Corporate Defendants, allege a claim for piercing the corporate veil, and assert a claim for unjust enrichment.

Dated: December 7, 2017                                  Respectfully submitted,

                                                 **BOIES SCHILLER FLEXNER LLP**

                                                 By:/s/ *Lauren F. Louis*
                                                   Lauren Louis, Esq.
                                                   Florida Bar No. 39643
                                                 401 East Las Olas Boulevard, Suite 1200
                                                 Fort Lauderdale, Florida 33301
                                                 Telephone: (954) 356-0011
                                                 Facsimile: (954) 356-0022
                                                 llouis@bsfllp.com

                                     *Attorneys for Plaintiff, Freestream*
                                         *Aircraft USA Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2017, a true and correct copy of the foregoing document was served via the CM/ECF System to the following counsel of record: Mandell Sundarsingh, Esquire, Mandell@creative.net and paralegal@creativeelaw.net, 4440 PGA Blvd., Suite 502, Palm Beach Gardens, FL 33410.

By: /s/ *Lauren F. Louis*
   Lauren Louis, Esq.