UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81232-MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

    Plaintiff,

vs.

RONNI CHOWDRY;
ATLAS AVIATION LLC;
ATLAS SALES AND LEASING, LLC;
and ATLAS LUXURY JETS LLC,

    Defendants.
_____/



## ORDER DENYING DEFENDANTS, ATLAS AVIATION, LLC, ATLAS AVIATION SALES & LEASING, LLC, AND ATLAS LUXURY JETS, LLC'S MOTION TO DISMISS AMENDED COMPLAINT AND/OR FOR MORE DEFINITE STATEMENT [DE 144]

**THIS CAUSE** is before the Court upon Defendants, Atlas Aviation LLC, Atlas Aviation Sales & Leasing, LLC, and Atlas Luxury Jets, LLC's ("Defendants") Motion to Dismiss Amended Complaint and/or for More Definite Statement ("Motion") [DE 144]. Plaintiff, Freestream Aircraft USA Ltd. ("Plaintiff"), filed a response [DE 147], and Defendants filed a reply [DE 150]. The matter is now ripe for review. The Court has carefully considered the filings and attachments thereto, as well as the entire docket in this case.

## BACKGROUND

Plaintiff filed its original complaint in this case on July 11, 2016. *See* DE 1. Plaintiff filed an Amended Complaint [DE 109] on December 27, 2017, with leave of Court. The Amended Complaint added the corporate defendants, alleged a new claim for piercing the corporation veil, and asserted a new claim for unjust enrichment. More specifically, the

1

Amended Complaint alleges piercing the corporate veil against Defendants Ronni Chowdry, Atlas Aviation LLC, Atlas Aviation Sales & Leasing LLC, and Atlas Luxury Jets LLC (Count 1); conversion against Defendants Atlas Aviation, Atlas Sales, and Chowdry (Count 2); unjust enrichment against Defendants Atlas Aviation, Atlas Sales, Chowdry, and Atlas Luxury Jets (Count 3); civil theft in violation of section 772.11, Florida Statutes, against Defendant Chowdry (Count 4); and civil theft in violation of section 812.014, Florida Statutes, against Defendant Chowdry (Count 5). [Amended Compl., DE 17].

## MOTION, RESPONSE, AND REPLY

### Motion

In the Motion, Defendants first argue that the Amended Complaint should be dismissed because it contains vague, boilerplate, and shot-gun allegations, especially in paragraph 14. [DE 144 at pp. 4-6]. Defendants further argue that none of the allegations in paragraph 14 are supported by any evidence and that the allegations as to Atlas Luxury Jets are especially improper. *Id.* at pp. 6-7. Defendants assert that, since Atlas Luxury Jets, was created after the underlying transfer of funds at issue in this case, and there is no evidence that Atlas Luxury Jets ever received any of the money that was transferred from Tyrus Wing, the allegations against Atlas Luxury Jets are prohibited. *Id.* at pp. 7-8. Next, Defendants contend that Plaintiff's allegations regarding Defendants in paragraphs 83-88 are also vague and conclusory and are not pled with specificity and particularity, as required when fraudulent conduct is being alleged. *Id.* at pp. 9-10. Defendants maintain that, if the Court determines that dismissal is inappropriate, the Court should order Plaintiff to provide a more definite statement as to the allegations contained in paragraphs 14 and 83-88. *Id.* at p. 10.

Defendants next argue that the Amended Complaint improperly brings causes of action for civil theft and conversion when an express verbal agreement is alleged to exist. [DE 144 at p. 10]. Defendants assert that Florida law has established that failure to pay monies due under a contract does not amount to civil theft or conversion. *Id.* Defendants note that Plaintiff has opted not to file a breach of contract cause of action and emphasizes that the alleged verbal contract "was not incidental to the alleged conversion or alleged civil theft", but rather was "central to the monies that are alleged to have been wrongfully taken as the agreement governed the handling and disbursement of the funds." *Id.* at pp. 11-12. Defendants contend that Plaintiff's claims of conversion and civil theft must be dismissed because Plaintiff failed to allege in the Amended Complaint that a "separate segregated escrow or trust account was created, nor that one was requested to be created, to keep the monies separate from ATLAS AVIATION's general operating account." *Id.* at p. 13. In sum, Defendants argue that Counts II, IV, and V should be dismissed for failure to state a claim upon which relief can be granted. *Id.* at p. 14.

Finally, Defendants assert that the Amended Complaint improperly brings a claim for unjust enrichment when an express agreement is alleged to exist. [DE 144 at p. 14]. Defendants contend that "a claim for unjust enrichment cannot lie when an express agreement is allege to have existed governing the relationship of the parties." *Id.* Defendants also contend that unjust enrichment can only be pleaded in the alternative if the plaintiff alleges that the contract between the parties is invalid. *Id.* They argue that Count III should therefore be dismissed. *Id.* at p. 15.

### Response

In response, Plaintiff first argues that the cause of action of piercing the corporate veil against Defendants is properly pled under Florida law and that the allegations in paragraphs 14 and 83-88 more than satisfy Rule 9. [DE 147 at pp. 4-7]. Plaintiff next points out that the Court cannot look past the four corners of the Amended Complaint in ruling on the motion to dismiss, so the Court should not consider the exhibits that raise factual disputes attached to the motion to dismiss. *Id.* at p. 7.

Plaintiff argues that the Amended Complaint does not allege the existence of an express contract and that the Court should not, "on a motion to dismiss, entertain Corporate Defendants' self-serving theory that the parties' expectations formed a contractual relationship; indeed, even Defendants...admits [sic] in their motion that the terms of the purported contract were not agreed upon by the parties." [DE 147 at pp. 8-9]. Plaintiff asserts that it properly pled conversion and unjust enrichment. *Id.* at pp. 9-13. Finally, Plaintiff argues that Defendants' affirmative defense of unclean hands does not support dismissal of the Amended Complaint. *Id.* at p. 13.

### Reply

In reply, Defendants first argue that the Amended Complaint has not been pled with the required degree of specificity and particularity as to Atlas Luxury Jets, LLC, and that Plaintiff has failed to comply with Federal Rule of Civil Procedure 11. [DE 150 at pp. 3-6]. Defendants next contend that, while Plaintiff argues in its response that the Amended Complaint does not allege the existence of the contract, the Amended Complaint does in fact allege the existence of a contract in paragraphs 1, 32-33, and 38. *Id.* at p. 7. Defendants argue that Plaintiff, therefore, cannot maintain causes of action for civil theft, conversion, or unjust enrichment. *Id.* at pp. 7-8. Defendants also contend that there is no requirement that Plaintiff allege a written, rather than a

verbal, contract and that Plaintiff has made no allegation in the Amended Complaint that Defendants were asked to keep the money at issue in a separate escrow account or segregated account. *Id.* at pp. 8-9.

## ANALYSIS

### General Applicable Law

Federal Rule of Civil Procedure 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss pursuant to Rule 12(b)(6), it must accept the factual allegations in the complaint as true and decide whether the allegations "raise a right to relief above the speculative level." *Id.* at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### Facts at Issue in the Case Should Not Be Considered at the Motion to Dismiss Stage

As a preliminary matter, the arguments raised by Defendants in the Motion regarding the underlying transaction and whether Atlas Luxury is a proper defendant in this case are based on specific facts that are at issue in this case and cannot be ruled upon at the motion to dismiss phase, but rather should be considered at the summary judgment stage. *Benson v. QBE Ins. Corp.*, 61 F. Supp. 3d 1277, 1279 (S.D. Fla. 2014) ("On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents

attached to the complaint or incorporated into the complaint by reference.") (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)). Similarly, throughout the Motion, Defendant cites to information and discovery that is not within the four corners of the complaint and should not have been relied in a motion to dismiss for failure to state a claim. *See, e.g.,* DE 144, pp. 7-8, 12-13.

### Plaintiff's Allegations Are Sufficiently Pled

The Court has considered Defendants' arguments and finds that paragraphs 14 and 83-88 of the Amended Complaint comply with the pleading requirements of Federal Rule of Civil Procedure 8. The paragraphs do not simply contain vague and boilerplate allegations as argued by Defendant. Rather, they provide sufficient specificity to give Defendants fair notice of what the claim is and what the claim is based on.

Defendants additionally argue that paragraphs 83-88 are not pled with sufficient specificity and particularity as required by Federal Rule of Civil Procedure 9. *See* Fed. R. Civ. P. 9(b) (requiring a party who alleges fraud or mistake to "state with particularity the circumstances constituting fraud of mistake."). The Court first notes that the case relied on by Defendants, *Leisure Founders, Inc. v. CUC International, Inc.,* 833 F. Supp. 1562, 1573 (S.D. Fla. 1993), is distinguishable because, in that case, the plaintiff alleged a cause of action of fraudulent inducement. Here, Plaintiff has not specifically asserted a cause of action for fraud or fraudulent inducement. Regardless, the allegations in paragraphs 83-88 would comply with Rule 9 even if it applied as they are stated with sufficient particularity.

### Defendants' Argument that Plaintiff Has Alleged an Express Contract Is Erroneous

Defendants argue that, because Plaintiff has alleged the existence of an express agreement in the Amended Complaint, Plaintiff has improperly brought claims for civil theft, conversion, and

6

unjust enrichment. Defendants contend that paragraphs 1, 32, and 33 assert such an express agreement.

Paragraph 1 of the Amended Complaint states in relevant part as follows: "Plaintiff Freestream USA brings this action for civil theft, conversion, and unjust enrichment of specific funds, which Defendant Chowdry agreed to hold and return to Plaintiff upon request, but then refused to return and instead appropriated for his own use...." [DE 109, p. 1, ¶ 1]. Paragraph 32 alleges:

> Posoli-Cilli and Chowdry agreed that the entire $2,580,950.00 distribution would be placed in a PNC bank account owned by Atlas Aviation. Posoli-Cilli further instructed Chowdry to make two immediate distributions therefrom...Plaintiff, by and through Posoli-Cilli, and Chowdry agreed that the remaining $1,130,475.00...belonged, and was properly distributable, to Plaintiff, who would instruct Chowdry at a later time where to transfer these funds.

[DE 109, p. 7, ¶ 32]. Finally, Paragraph 33 alleges that "Posoli-Cilli told Chowdry that she anticipated collecting the funds within three to four weeks or the closing; Chowdry agreed to distribute the funds to Plaintiff upon demand." *Id.*

Upon careful review of these allegations, the Court finds that the Amended Complaint does not specifically allege the existence of an express contract as argued by Defendants. The simple use of the word "agreed" does not constitute an allegation of an actual express contract, either verbal or written. Plaintiff's counts of civil theft, conversion, and unjust enrichment were properly pled, and Plaintiff has not alleged an express contract that would bar it from alleging these three causes of action.

<u>Defendants' Argument that Plaintiff Has Not Sufficiently Alleged Conversion Is Without Merit</u>

Finally, the Court specifically finds that Plaintiff has properly alleged conversion. Defendants contend that Plaintiff has failed to establish that the money at issue is identifiable and

7

cites *Batlle v. Wachovia Bank, N.A.*, No. 10-21782-CIV, 2011 WL 1085579 (S.D. Fla. Mar. 21, 2011), for this premise. The *Batlle* court explained that, "Florida law establishes that [a] claim of conversion of money in a bank account is proper where the money is deposited into an account designed to keep money segregated and identifiable, such as a trust or escrow account, or where there is an obligation or fiduciary duty to keep money segregated." *Id.* at *2.

Other courts have explained, however, that "conversion of money may also exist when a party pays money to another for a specific purpose, as long as the money is "delivered at one time, by one act and in one mass." *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1059 (S.D. Fla. 2009)(quoting *Joseph v. Chanin*, 940 So.2d 483 (Fla. 4th DCA 2006)). "Several courts, applying Florida law on conversion, have found a claim for conversion may lie when a party takes money from another, as long as the money is sufficiently identifiable." *Id.* (citing *Rosenthal Toyota, Inc. v. Thorpe*, 824 F.2d 897, 902 (11th Cir.1987); *Florida Dept. Ins. v. Debenture Guar.*, 921 F.Supp. 750, 757 (M.D.Fla.1996); *Masvidal v. Ochoa*, 505 So.2d 555 (Fla. 5th DCA 1987)).

The Eleventh Circuit agreed with this logic in *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 272 (11th Cir. 2009). In that case, the court found that the plaintiff had "produced sufficient evidence for a reasonable jury to find that the six million dollars in trust was specific and identifiable", the funds were delivered at one time by one act, a wire transfer, and in one mass." *Id.* The court explained that the "suit was not brought to enforce a general obligation to pay money, but to recover the actual ten million dollars that [the defendant] allegedly stole from it." *Id.*

The same is true here, and the Court finds that Plaintiff has sufficiently pled that the money was specific and identifiable. Plaintiff alleged in the Amended Complaint that "Freestream's

8

distribution of $2,580,950.00 was transferred into Atlas Aviation's specified PNC bank account on July 25, 2013." [DE 109, p. 8, ¶35]. The Court finds that this language alleges that the money was sufficiently identifiable. Defendants do not make any argument that the other elements of conversion are improperly pled. Therefore, the conversion claim should not be dismissed.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendants, Atlas Aviation LLC, Atlas Aviation Sales & Leasing, LLC, and Atlas Luxury Jets, LLC's Motion to Dismiss Amended Complaint and/or for More Definite Statement [DE 144] is **DENIED**. Further, the Amended Complaint properly puts Defendants on notice of the claims against them, and, therefore, a more definite statement is not required. Accordingly, that portion of Defendants' Motion is also DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of March, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge