UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81232-MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

    Plaintiff,

vs.

RONNI CHOWDRY;
ATLAS AVIATION LLC;
ATLAS SALES AND LEASING, LLC;
and ATLAS LUXURY JETS LLC,

    Defendants.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT RONNI CHOWDRY'S AFFIRMATIVE DEFENSES [DE 136]

**THIS CAUSE** is before the Court upon Plaintiff, Freestream Aircraft USA Ltd.'s ("Plaintiff") Motion to Strike Defendant Ronni Chowdry's Affirmative Defenses ("Motion") [DE 136]. Defendant, Ronni Chowdry ("Defendant"), filed a response [DE 145], and Plaintiff filed a reply [DE 146]. The matter is now ripe for review. The Court has carefully considered the filings and attachments thereto, as well as the entire docket in this case.

## BACKGROUND

Plaintiff filed its original complaint in this case on July 11, 2016. *See* DE 1. Plaintiff filed an Amended Complaint [DE 109] on December 27, 2017, with leave of Court. The Amended Complaint alleges piercing the corporate veil against Defendants Ronni Chowdry, Atlas Aviation LLC, Atlas Aviation Sales & Leasing LLC, and Atlas Luxury Jets LLC (Count 1); conversion against Defendants Atlas Aviation, Atlas Sales, and Chowdry (Count 2); unjust enrichment against Defendants Atlas Aviation, Atlas Sales, Chowdry, and Atlas Luxury Jets

1

(Count 3); civil theft in violation of section 772.11, Florida Statutes, against Defendant Chowdry (Count 4); and civil theft in violation of section 812.014, Florida Statutes, against Defendant Chowdry (Count 5). [Amended Compl., DE 17].

On January 5, 2018, Defendant filed a Motion to Dismiss Amended Complaint and/or for More Definite Statement [DE 120]. On the same date, Defendant also filed his Answer and Affirmative Defenses to Amended Complaint [DE 121]. He asserted the following affirmative defenses: unclean hands, lack of standing, failure to state a cause of action, lack of jurisdiction, and improper party. *Id.*

## MOTION, RESPONSE, AND REPLY

### Motion

In the Motion, Plaintiff argues that Defendant's unclean hands affirmative defense should be stricken as it is insufficient as a matter of law, impertinent, and prejudicial. [DE 136 at p. 3]. Plaintiff specifically argues with regard to the unclean hands defense that Defendant has failed to plead that there is any relationship between the alleged misconduct and Plaintiff's claims or that Plaintiff's purported tax evasion injured Defendant. *Id.* at pp. 3-4. Plaintiff also contends that Defendant's unclean hand defense "rests on incomplete evidence…resulting in a misleading portrayal of the facts." *Id.* at p. 4. Plaintiff next asserts that the unclean hands defense could only apply to the unjust enrichment claim as it is an equitable defense. *Id.* Finally, Plaintiff argues that the defense would prejudice Plaintiff and further confuse the issues. *Id.* at pp. 4-5.

Plaintiff asserts that the remaining defenses are not actually affirmative defenses, but rather are negative defenses that should be stricken. [DE 136 at p. 5]. Plaintiff maintains failure to state a claim cannot be properly asserted as an affirmative defense under the relevant case law and that the remaining defenses are "not based on any additional set of facts that bar

2

recovery notwithstanding Plaintiff's claim. All of these defenses turn on the question on whether Plaintiff is the true owner of the Funds—which Defendant has already denied in his amended answer...or whether Defendant is the true recipient of the Funds—also denied." *Id.* at pp. 5-6. Plaintiff requests that the Court treat the purported defenses as "reiterations of Defendant's denials, and strike them as redundant." *Id.* at p. 6.

<u>Response</u>

In response, Defendant argues that it has properly asserted an unclean hands defense as he has demonstrated that Plaintiff's wrongdoing is directly related to the claim against which it is asserted and Defendant has shown that he was personally injured by Plaintiff' conduct. [DE 145 at p. 4]. Defendant specifically asserts that "the action of Plaintiff in causing the funds to be transferred to ATLAS AVIATION to defraud the IRS is directly related to the Plaintiff's claim of unjust enrichment." *Id.* at p. 5. Defendant also contends that his injury is that "Plaintiff seeks to hold ATLAS AVIATION liable for the taxes on the consulting fee, while seeking to recover the monies transferred to ATLAS AVIATION." *Id.* Defendant acknowledges that the unclean hands defense applies only to the unjust enrichment count. *Id.* at p. 6. Finally, Defendant argues that it did not submit an incomplete exhibit to the Court. *Id.*

With regard to the remaining defenses, Defendant argues that they are all properly pled. [DE 145 at p. 7]. Defendant maintains that "standing," even when labeled an affirmative defense, "should not be stricken when it puts the plaintiff and the court on notice of certain issues that the defendant intends to assert against the plaintiff's claim." *Id.* Defendant next contends that failure to state a case of action upon which relief may be granted can be raised by way of an affirmative defense. *Id.* at p. 8. Defendant similarly argues that lack of subject matter jurisdiction can be raised as an affirmative defense and that it "may only be stricken when there are

3

multiple or alternative bases for the court's jurisdiction over the matter or where no relationship exists between a defense and the party's claim." *Id.* at p. 11. Finally, Defendant asserts that the "improper party" affirmative defense is properly pled because it sets forth in detail Defendant's "position that the money in question was transferred to ATLAS AVIATION, not to the Defendant, and thus the Plaintiff's claims against the Defendant should fail at trial." *Id.* at p. 12.

Reply

In reply, Plaintiff again argues that the affirmative defense of unclean hands is not properly pled because "Defendant is accused, in the single-count to which this defense could be raised, with unjustly enriching himself with Plaintiff's Funds. His baseless accusation that Plaintiff intended a different wrong, of tax evasion, is not the same kind of conduct." [DE 146 at p. 2]. Plaintiff also contends that Defendant has not "pled facts demonstrating his injury from Plaintiff's alleged attempt at tax evasion." *Id.* Plaintiff maintains that "the Court should not afford Defendant an opportunity to amend his defense because Defendant frustrated Plaintiff's efforts to discovery his purported tax evasion scheme theory at his deposition." *Id.* at p. 3.

Plaintiff next asserts that "Defendant does not dispute the fact that he has improperly listed multiple redundant denials under the caption 'Affirmative Defenses,' but instead rehashes the arguments raised in his motion to dismiss the amended complaint with respect to each of these negative defenses." [DE 146 at p. 4]. Plaintiff further argues that Defendant cannot "simultaneously admit the essential facts of Plaintiff's complaint—specifically that Plaintiff is true owner of the Funds—while also alleging defenses that rely on Plaintiff not being the true owner of the Funds." *Id.* Plaintiff contends that Defendant will not be prejudiced by the Court striking the defenses. *Id.* at pp. 4-5.

4

## ANALYSIS

### General Applicable Law

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have held that a defense is "insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous...or if it is clearly invalid as a matter of law." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)(citations omitted). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citing *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav–O–Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir.1988)). Motions to strike are generally disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Carlson Corp./Southeast v. School Bd. of Seminole County*, 778 F. Supp. 518, 519 (M.D. Fla. 1991).

### The Unclean Hands Affirmative Defense

Defendant's first affirmative defense is unclean hands. Defendant has pled as follows:

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff and/or Tyrus utilized the operating account of ATLAS AVIATION, to perpetrate a fraud on the IRS to avoid paying taxes. The wire copy showing the transfer of funds in question is attached as **EXHIBIT A**. The email chain between ATLAS AVIATION and Tyrus, including the W9 that was requested by Tyrus, and issued to ATLAS AVIATION, is attached as **EXHIBIT B**. Thereafter, in connection with filing its 2013 tax return, Tyrus submitted the information gathered from the W9 that it issued to ATLAS AVIATION, to the IRS, representing to the Federal Government, that it paid ATLAS AVIATION, a consulting fee in the amount of

> $2,580,950.00. See **EXHIBIT C**. Thus, Tyrus requested the W9 from ATLAS AVIATION, not from the Plaintiff, and submitted that information to the IRS, representing that the money was due and payable to ATLAS AVIATION, not to the Plaintiff. To wit, the Plaintiff and/or Tyrus Wings, Inc., also used bank accounts of other parties, including, but not limited to, White Mountain Jets, LLC, a company owned by one of Plaintiff's agents, James Mose, to evade paying taxes to the IRS. The Defendant is without knowledge as to the full extent of Plaintiff's tax evasion scheme as discovery is still ongoing. At all times material hereto, it is believed that Tyrus Wings, Inc., was acting at the behest of Rebecca Posili-Cilli.

[DE 121 at pp. 7-8].

The parties agree that this affirmative defense only applies to Plaintiff's unjust enrichment cause of the action. Plaintiff alleges the following in the unjust enrichment section of the Amended Complaint (count 3):

> 97. By the acts, practices, conducts and omissions herein-alleged, Atlas Aviation, Atlas Sales, Atlas Luxury, and Chowdry, individually or through his alter ego entities, have improperly and unjustly obtained property and assets that properly belong to Plaintiff and which were misappropriated by the illegal conduct alleged herein.
>
> 98. Defendants obtained the Plaintiff's property and assets under circumstances in which it is not just, equitable, or conscionable for Defendants to retain the Plaintiff's property and assets. As a consequence of the foregoing, each of the Defendants...has been unjustly enriched.

[DE 109 at p. 16].

In order for a defendant to "successfully avail itself of the doctrine of unclean hands, it must satisfy two requirements." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993). First, the defendant must "demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Id.* (citing *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 147–48, 78 L.Ed. 293 (1933). "[W]e're talking *really* directly related ... It is, in essence, the reason for the lawsuit." *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CV, 2012 WL 12865853, at *6 (S.D. Fla. Apr. 26, 2012)

6

(quoting *Gastaldi v. Sunvest Resort Cmtys., LC*, No. 08-62076, 2010 WL 457243, at *9 (S.D. Fla. Feb. 3, 2010)). Second, even if the plaintiff's wrongdoing is directly related, the "plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct." *Calloway*, 986 F.2d at 450–51 (citing *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir.1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980)).

Here, Plaintiff's alleged wrongdoing is committing tax fraud with the IRS, and the claim at issue is unjust enrichment—Defendant's misappropriation of Plaintiff's funds and then unjust retention of the funds. The Court notes that Defendant's arguments in his response to Plaintiff's motion to strike contained much more detail about the unjust enrichment affirmative defense than does the affirmative defense contains as currently written. Defendant has not sufficiently shown in the first affirmative defense, as currently written, how Plaintiff's alleged wrongdoing is directly related to the unjust enrichment claim. Additionally, the Court finds that Defendant has not sufficiently shown in the actual wording of the affirmative defense how Defendant was personally injured by Plaintiff's conduct. The Court shall strike the unclean hands affirmative defense without prejudice to Defendant amending the defense if he believes that there is a good faith basis to amend the affirmative defense so that it complies with the relevant case law.

### The Failure to State a Cause of Action Affirmative Defense

Defendant's third, fourth, and seventh affirmative defenses allege failure to state of cause of action. [DE 121 at pp. 8-10]. The Court agrees with Plaintiff that these purported defenses are simply reiterations of Defendant's denials. Therefore, the Court finds that these defenses should be stricken as redundant. *See, e.g., Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 661–62 (S.D. Fla. 2013); *Lima v. Heng Xian, *662 Inc.*, No. 09–61422–CIV, 2009 WL

4906374, at * 1 (S.D.Fla. Dec. 18, 2009); *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09–80714–CIV, 2009 WL 4807397, at * 4 (S.D.Fla. Dec. 4, 2009)). Moreover, the Court previously denied Defendant's motion to dismiss, which included all of the arguments asserted by Defendant in the third, fourth, and seventh affirmative defenses. *See* DE 157. Accordingly, these affirmative defenses are clearly invalid as a matter of law. *See Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, No. 09-21698-CIV, 2010 WL 3212066, at *4 (S.D. Fla. Aug. 12, 2010). Thus, the Court will strike the third, fourth, and seventh affirmative defenses.

### The Lack of Standing and Lack of Jurisdiction Affirmative Defenses

Defendant's has pled both lack of standing and lack of jurisdiction as affirmative defenses. *See* DE 121. Lack of standing is a "jurisdictional defense and thus may be raised at any time in the litigation." *Ramnarine v. RG Grp., Inc.*, No. 12-80264-CIV, 2012 WL 2735340, at *3 (S.D. Fla. July 9, 2012) (citing *Florida Ass'n of Med. Equip. Dealers v. Apfel,* 194 F.3d 1227, 1230 (11th Cir. 1999)). Federal Rule of Civil Procedure 12(b) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion." Fed. R. Civ. P. 12(b). Therefore, the Rule does not require that Defendant raise this defense by motion as opposed to a responsive pleading. *Ramnarine*, 2012 WL 2735340, at *3. The same logic would apply to the lack of jurisdiction affirmative defense. The Court has reviewed the second and fifth affirmative defenses and finds that they have been pled with sufficient details. Thus, the second and fifth affirmative defenses shall not be stricken.

### The Improper Party Affirmative Defense

In the sixth affirmative defense, Defendant alleges that he is the "improper party to be named to this lawsuit because the funds allegedly transferred were transferred to a corporate

8

account for ATLAS AVIATION, LLC, which is and was a California limited liability company at the time of the alleged transfer." [DE 121 at p. 10]. The Court finds that the six affirmative defense should be stricken as it simply points out a defect or lack of evidence in Plaintiff's case and is a redundant reiteration of Defendant's denials.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant Ronni Chowdry's Affirmative Defenses [DE 136] is **GRANTED IN PART AND DENIED IN PART**. Defendant's third, fourth, sixth, and seventh affirmative defenses are STRICKEN. The Motion is denied as to the second and fifth affirmative defenses; they are sufficient as a matter of law. Finally, the Motion is granted as to the first affirmative defense; however, the first affirmative defense is stricken without prejudice to Defendant amending the first affirmative defense within seven (7) business days from the date of this Order if Defendant has a good faith basis to do so.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of March, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge