UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81232-Matthewman

FREESTREAM AIRCRAFT USA LTD.,

    Plaintiff,

vs.

RONNI CHOWDRY, et al.,

    Defendants.
_____/



## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS [DE 151]

THIS CAUSE is before the Court upon Defendant, Ronni Chowdry's ("Defendant") Motion to Compel Better Responses to Second Request for Production of Documents ("Motion") [DE 151]. Plaintiff, Freestream Aircraft USA Ltd. ("Plaintiff"), filed a response to the Motion [DE 156], and Defendant filed a reply [DE 159]. This matter is now ripe for review.

I. **BACKGROUND**

In Defendant's Motion, he argues that Plaintiff's responses to his Second Request for Production of Documents were insufficient. [DE 151 at p. 3]. Defendant argues that "the Requests are sufficiently tailored at specific allegations contained in the Amended Complaint, and the documents, which were organized and produced by the Plaintiff's counsel, as opposed to being maintained in the ordinary court of Plaintiff's business, should be properly bates-stamped and categorized to meet the particular Requests." *Id.* at pp. 3-4. Defendant further argues that Plaintiff's response to Request for Production #21 alludes to certain privileges but was not

1

accompanied by a privilege log. *Id.*

In response, Plaintiff contends that its response to the Second Request for Production of Documents was in compliance with Federal Rule of Civil Procedure 34 as the "documents in question were received from various third parties pursuant to the subpoenas, and Plaintiff maintained the documents as they were received and produced them as they were maintained." [DE 156 at p. 1]. Plaintiff asserts that, with regard to Request for Production #21, it produced documents in accordance with Rule 34 and has provided a privilege log. *Id.* at p. 3.

In reply, Defendant argues that Plaintiff's production was improper because the documents were not produced as they were actually kept in the ordinary course of business by Plaintiff, but rather were produced in the manner in which they were kept in the ordinary course of business by third parties. [DE 159 at p. 1]. Defendant requests that the Court order Plaintiff to "organize and label its production in a manner that reasonably corresponds to the categories contained in Defendant's Second Request for Production." *Id.* at p. 3.

II. **ANALYSIS**

First, it appears that the privilege log issue has been resolved. Therefore, the Court need not consider that issue.

Second, Federal Rule of Civil Procedure 34 states in relevant part that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Courts have determined that there is a "need to balance Rule 34(b)(2) (E)(i)'s legitimate purpose of alleviating a responding party's burden of production while reasonably assuring a requesting party's ability to obtain discoverable documents under Rule 26(b)(1). Rule 34 is generally designed to facilitate

2

discovery of relevant information by preventing 'attempt[s] to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents.'" *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009) (citing *Williams v. Taser Int'l, Inc.*, No. 1:06–CV–0051–RWS, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006)). "Rule 34 assumes that the documents will be arranged in some way that is reasonably useable by the opposing party." *Select Exp. Corp. v. Richeson*, No. 10-80526-CIV, 2010 WL 11561203, at *2 (S.D. Fla. Dec. 22, 2010)

Defendant primarily relies on *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698 (S.D. Fla. 2010). In that case, the court found that the plaintiff had "made no meaningful attempt to show that its production satisfies the business records option in Rule 34(b)(2)(E)(i)." *Id.* at 701. The court further explained that "[u]nless Mizner habitually keeps all documents it receives in storage with its attorneys, the documents Mizner acquired during the underlying litigation were simply not maintained in the 'usual course of business.' Instead, these documents were accumulated during a specific, non-routine occurrence, and by their very nature are not business records under Rule 34(b)(2)(E)(i)." *Id.*

The Court has considered the arguments of the parties and the relevant case law. Rule 34(b)(2)(E)(i) states that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." The common sense interpretation of this Rule is that a party must produce documents as <u>the party</u> keeps them in <u>the party's</u> usual course of business or else organize and label the documents. Here, Plaintiff obtained documents from several different third parties and then produced them in the format in which <u>those third parties</u> kept the documents in the usual course of <u>the third parties'</u>

3

business.

This procedure appears to be in contravention of Rule 34, and Plaintiff has not provided case law that convinces the Court otherwise. Additionally, such a procedure prejudices Defendant and impedes the discovery process. Therefore, the Court will require Plaintiff to organize the documents previously produced to Defendant and label the documents to correspond to the categories in Defendant's Second Request for Production of Documents.

Based on the foregoing, it is ORDERED that Defendant's Motion to Compel Better Responses to Second Request for Production of Documents [DE 151] is GRANTED. Plaintiff shall provide Defendant with an amended response to Defendant's Second Request for Production of Documents within seven (7) days of the date of this Order. Plaintiff is also required to organize the documents previously produced to Defendant and label the documents to correspond to the categories in Defendant's Second Request for Production of Documents.

**DONE and ORDERED** in Chambers this 22nd day of March, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE