UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81232-MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

    Plaintiff,

vs.

RONNI CHOWDRY;
ATLAS AVIATION LLC;
ATLAS SALES AND LEASING, LLC;
and ATLAS LUXURY JETS LLC,

    Defendants.

_____/



FILED by _____ D.C.

APR 3 0 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' FIRST AMENDED AFFIRMATIVE DEFENSE ("UNCLEAN HANDS") [DE 178]

**THIS CAUSE** is before the Court upon Plaintiff, Freestream Aircraft USA Ltd.'s ("Plaintiff") Motion to Strike Defendants' First Amended Affirmative Defense ("Motion") [DE 178]. Defendants, Ronni Chowdry, Atlas Aviation LLC ("Atlas Aviation"), Atlas Aviation Sales & Leasing LLC ("Atlas Sales"), and Atlas Luxury Jets LLC ("Atlas Luxury") (collectively, "Defendants"), filed a response [DE 206], and Plaintiff filed a reply [DE 209]. The matter is now ripe for review. The Court has carefully considered the filings and attachments thereto, as well as the entire docket in this case. No hearing is necessary.

## I.    BACKGROUND

Plaintiff filed its original complaint in this case on July 11, 2016. *See* DE 1. Plaintiff filed an Amended Complaint [DE 109] on December 27, 2017, with leave of Court. The Amended Complaint alleges piercing the corporate veil against Defendants Ronni Chowdry,

1

Atlas Aviation, Atlas Sales, and Atlas Luxury (Count 1); conversion against Defendants Atlas Aviation, Atlas Sales, and Chowdry (Count 2); unjust enrichment against Defendants Atlas Aviation, Atlas Sales, Chowdry, and Atlas Luxury Jets (Count 3); civil theft in violation of section 772.11, Florida Statutes, against Defendant Chowdry (Count 4); and civil theft in violation of section 812.014, Florida Statutes, against Defendant Chowdry (Count 5). [Amended Compl., DE 17].

On January 5, 2018, Defendant Ronni Chowdry[1] filed his Answer and Affirmative Defenses to Amended Complaint [DE 121]. He asserted the following affirmative defenses: unclean hands, lack of standing, failure to state a cause of action, lack of jurisdiction, and improper party. *Id.* On January 19, 2018, Plaintiff filed a Motion to Strike Defendant Ronni Chowdry's Affirmative Defenses [DE 136]. The Court entered an Order Granting in Part and Denying in Part Plaintiff's motion. [DE 160]. In the Order, the Court struck Defendant's affirmative defenses that alleged failure to state a cause of action and improper party. *Id.* The Court denied Plaintiff's motion as to Defendant's lack of standing and lack of jurisdiction affirmative defenses and allowed those affirmative defenses to stand. *Id.* Finally, the Court struck Defendant's unclean hands affirmative defense without prejudice to Defendant amending the affirmative defense. *Id.*

On March 15, 2018, all of the current Defendants filed an Amended First Affirmative Defense [DE 166].[2] The amended first affirmative defense states as follows:

> **UNCLEAN HANDS**—Plaintiff's equitable claims are barred by the doctrine of unclean hands. Plaintiff and/or Tyrus utilized the operating account of ATLAS AVIATION, to perpetrate a fraud on the IRS to avoid paying taxes. The wire copy showing the transfer of the funds in question is attached as **EXHIBIT A**.

---

[1] As of January 5, 2018, the remaining Defendants had not yet been served with the Amended Complaint.
[2] By March 15, 2018, all Defendants had been served with the Amended Complaint.

The email chain between ATLAS AVIATION and Tyrus, including the W9 that was requested by Tyrus, and issued to ATLAS AVIATION is attached as **EXHIBIT B**. Thereafter, in connection with filing its 2013 tax return, Tyrus submitted the information gathered from the W9 that it issued to ATLAS AVIATION, to the IRS, representing to the Federal Government, that it paid ATLAS AVIATION, a consulting fee in the amount of $2,580,950.00. See **EXHIBIT C**. Thus, Tyrus requested the W9 from ATLAS AVIATION, not from the Plaintiff, and submitted that information to the IRS, representing that the money was due and payable to ATLAS AVIATION, not to the Plaintiff. The plan to use ATLAS AVIATION's bank account in this way was directed by the Plaintiff's principal, Rebecca Posili-Cilli. See **EXHIBIT D**. By using ATLAS AVIATION's bank account in this way and by representing to the IRS that the money was earned by ATLAS AVIATION, as a consulting fee, the tax liability on the entire sum of $2,580,950.00 belongs to ATLAS AVIATION. Plaintiff's intention is to seek a judgment against ATLAS AVIATION, and the other Defendants, in this action, recover the principal sum of $1,130,475.00 from the Defendants, but to leave ATLAS AVIATION, with the tax liability. ATLAS AVIATION and the other Defendants have been injured by Plaintiff's tax evasion scheme because as far as the IRS is currently aware, as a result of the W9 submitted by Tyrus, at the direction of the Plaintiff, ATLAS AVIATION earned $2,580,950.00 as a consulting fee, and has to pay taxes on it. To seek recovery from the Defendants of the monies that the Plaintiff sought to hide from the IRS, while leaving the Defendants with the tax liability, constitutes injury to the Defendants, and unclean hands.

This amended affirmative defense filed on behalf of all Defendants only relates to Count 3 of the Amended Complaint—unjust enrichment—and not to any other counts.

## II.     MOTION, RESPONSE, AND REPLY

### A. Motion

In the Motion, Plaintiff argues that Defendants' unclean hands affirmative defense should be stricken because there is "simply no direct relationship between the claim and the alleged wrongdoing." [DE 178 at p. 3]. Plaintiff further contends that Defendants' "attempt to conflate their admitted misappropriation of Freestream's money with their theory of tax fraud or tax evasion is unavailing; neither tax fraud nor tax evasion are the reason for the unjust enrichment claim to the lawsuit." *Id.* Plaintiff next asserts that Defendants have failed to

3

properly allege any personal injury resulting from Plaintiff's conduct. *Id.* at p. 4. Plaintiff maintains that Defendants have not alleged that they have paid any taxes on the $2,580,950.00 or that they will be likely to pay any such taxes. *Id.* Plaintiff argues that "if Defendants have any potential tax liability on the $1,130,475.00 [the amount Plaintiff asserts Defendants owe it], the liability is self-inflicted." *Id.* at p. 5.

### B. Response

In response, Defendants argue that they have properly asserted an unclean hands defense as they have sufficiently pled that Plaintiff's wrongdoing is directly related to the claim against which it is asserted and Defendants have sufficiently pled that they were personally injured by Plaintiff's conduct. [DE 206 at pp. 4-5]. Defendants argue that the fact that they have not yet paid taxes on the money at issue is irrelevant. *Id.* at p. 6. Defendants maintain that "at this stage, the Court should only be examining what is pled and the Defendants have properly pled that they have been personally injured." *Id.* Finally, Defendants assert that Plaintiff's argument that the unclean hands affirmative defense fails because Defendants' harm is self-inflicted is without merit. *Id.* at p. 7. Defendants further assert that the Court cannot determine the factual issues of the case at this point in the litigation. *Id.*

### C. Reply

In reply, Plaintiff again argues that the affirmative defense of unclean hands is not properly pled because Defendants have failed to allege a direct relationship between their unclean hands tax fraud and tax evasion affirmative defenses and Plaintiff's unjust enrichment claim. [DE 209 at p. 1]. Plaintiff further asserts that, "Defendants' allegations concern why Plaintiff directed the money to be sent to Atlas Aviation. Plaintiff's unjust enrichment claim, by contrast, turns on what Atlas Aviation and the other defendants did with the money after it was transferred." *Id.* at

4

p. 2. Next, Plaintiff asserts that Defendants have not alleged that they were personally injured by Plaintiff's alleged conduct. *Id.* at p. 3. Plaintiff contends that, at most, Defendants have alleged personal harm solely as to Atlas Aviation, and not as to Ronni Chowdry or the other corporate defendants. *Id.* Finally, Plaintiff maintains that "any potential tax liability Atlas Aviation and the other Defendants have incurred resulted from their own actions—their failure to return the money and their decision to spend it—not the conduct of Freestream in having the money sent to Atlas Aviation." *Id.* at p. 4.

## III.   ANALYSIS

### A. General Case Law on Affirmative Defenses

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have held that a defense is "insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous...or if it is clearly invalid as a matter of law." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)(citations omitted). "'Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a)' to set forth 'a short and plain statement of the defense.'" *Intec, Inc. v. Monster Cable Prod., Inc.*, No. 10-22772-CIV, 2012 WL 13008748, at *2 (S.D. Fla. Mar. 12, 2012), *report and recommendation adopted,* No. 10-22772-CIV, 2012 WL 13008749 (S.D. Fla. Mar. 30, 2012) (quoting *Pujals v. Garcia*, 777 F.Supp.2d 1322, 1327 (S.D. Fla. 2011)). Some courts, in analyzing Federal Rule of Civil Procedure 8(a) and 8(b), have determined that affirmative defenses are not subjected to a heightened pleading standard elucidated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017). "While

'an affirmative defense does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Intec, Inc.*, 2012 WL 13008748 at *2 (quoting *Mid-Continent Casualty Co. v. Active Drywall South, Inc.,* 765 F.Supp.2d 1360, 1361 (S.D. Fla. 2011)).

Motions to strike are generally disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Carlson Corp./Southeast v. School Bd. of Seminole County*, 778 F. Supp. 518, 519 (M.D. Fla. 1991). "Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored." *Laferte*, 2017 WL 2537259, at *1 (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)).

### B. Unclean Hands Affirmative Defense

In order for a defendant to "successfully avail itself of the doctrine of unclean hands, it must satisfy two requirements." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993). First, the defendant must "demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Id.* (citing *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245, 54 S.Ct. 146, 147–48, 78 L.Ed. 293 (1933). "[W]e're talking *really* directly related ... It is, in essence, the reason for the lawsuit." *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CV, 2012 WL 12865853, at *6 (S.D. Fla. Apr. 26, 2012) (quoting *Gastaldi v. Sunvest Resort Cmtys., LC*, No. 08-62076, 2010 WL 457243, at *9 (S.D. Fla. Feb. 3, 2010)). Second, even if the plaintiff's wrongdoing is directly related, the "plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct." *Calloway*, 986 F.2d at 450–51 (citing *Mitchell Bros. Film Group v. Cinema Adult*

*Theater,* 604 F.2d 852, 863 (5th Cir.1979), *cert. denied,* 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980)).

The Court is required to consider only the allegations made by Defendants in the unclean hands affirmative defense. *See Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.,* No. 09-21698-CIV, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010) ("When considering a motion to strike affirmative defenses, the court must look at whether the defense is legally sufficient to provide 'fair notice' of the nature of the defense."). In the Motion and reply, Plaintiff asks the Court to consider an IRS W-9 form from 2013, as well as certain portions of the record. *See, e.g.,* DE 178, p. 4. Moreover, Defendants cite to a great deal of evidence outside of the scope of the Court's review in their response. *See, e.g.,* DE 206, pp. 1-3.

The Court, however, is not permitted to go beyond the pleadings in ruling on a motion to strike an affirmative defense. *Muschong v. Millennium Physician Grp., LLC,* No. 2:13-CV-705-FTM-38CM, 2014 WL 1268574, at *1 (M.D. Fla. Mar. 27, 2014) ("In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings.") (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002)). Therefore, despite the parties' efforts to have this Court consider evidence outside the pleadings to resolve this Motion, the Court will not do so. With this relevant case law in mind, the Court will now address the merits of Plaintiff's Motion.

    i.    Direct Relationship

Defendants have arguably sufficiently pled how Plaintiff's alleged wrongdoing is directly related to the unjust enrichment claim. Defendants have asserted that Plaintiff's alleged wrongdoing is committing tax fraud with the IRS and that is allegedly why Plaintiff transferred (or

directed Tyrus to transfer) the money to Defendant Atlas Aviation. At the pleading stage, and without the benefit of a full evidentiary record, it appears that the allegations contained within Defendants' unclean hands affirmative defense sufficiently assert that the claim at issue—Defendants' alleged misappropriation of Plaintiff's funds and then unjust retention of the funds—is directly related to any tax fraud or evasion.

ii.     Personal Injury

Additionally, Defendants have arguably sufficiently pled how they were personally injured by Plaintiff's conduct. Defendants claim that the personal injury they have suffered is possible tax liability in the future.     Although this assertion is somewhat tenuous, the Court finds that it is arguably sufficient at this pleading stage. Further, while the alleged potential tax liability was solely directed to Defendant Atlas Aviation, Defendants explicitly allege in the affirmative defense that have all been personally injured. Moreover, this is a case in which Plaintiff is attempting to pierce the corporate veil, which affects the personal injury analysis as to all Defendants given the specific circumstances of this case.

## IV.     CONCLUSION

The Court has carefully considered whether it should strike the unclean hands affirmative defense at this stage of the litigation. Although the Court does have concerns about the propriety of this affirmative defense in light of the alleged facts of the case, the Court is hesitant to go outside the pleadings to determine the Motion. The affirmative defense does provide fair notice of the nature of the defense. The Court simply cannot find, based on the language of the affirmative defense, that it is clearly invalid as a matter of law or patently frivolous. Instead, the Court will deny Plaintiff's motion to strike Defendants' affirmative defense of unclean hands, at this juncture,

without prejudice to Plaintiff's ability raise the issue in the parties' pretrial stipulation, in a motion in limine, or at the close of all of the evidence.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendants' First Amended Affirmative Defense [DE 178] is **DENIED WITHOUT PREJUDICE** as noted above.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30 th day of April, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge