UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81232-MATTHEWMAN

FREESTREAM AIRCRAFT USA LTD.,

      Plaintiff,

vs.

RONNI CHOWDRY;
ATLAS AVIATION LLC;
ATLAS SALES AND LEASING, LLC;
and ATLAS LUXURY JETS LLC,

      Defendants.

_____/



FILED by _____ D.C.

SEP 1 8 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## OMNIBUS ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** is before the Court upon the parties' motions in limine ("Motions") [DEs 224, 229, 230, 233]. The Motions are all fully briefed, and the parties have filed a Joint Notice of Conferral [DE 266] further limiting the issues argued in the Motions. The Court held a hearing on the Motions on September 17, 2018. The Court has considered the Motions, all related filings, the argument of the parties' counsel, and the entire record in this case. The matter is now ripe for review.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. **Defendants' Motion in Limine to Exclude Evidence in Trial [DE 224]** is GRANTED IN PART AND DENIED IN PART.

   a. Plaintiff has agreed to exclude evidence about Ronni Chowdry's divorce and domestic issues. [DE 266, p. 1]. Accordingly, this evidence is excluded.

   b. The Motion is granted to the extent it seeks to exclude evidence at trial

1

regarding prior unrelated lawsuits involving Defendants. Plaintiff is not permitted to admit evidence or testimony regarding the two actions against Ronni Chowdry and Atlas Aviation, the arbitration against Chowdry and Atlas Aviation by ECG, the action against Chowdry and Atlas Aviation by RPA, LLC, or the action against Chowdry by Mercedes Benz. The evidence regarding prior unrelated lawsuits is not admissible as a habit or routine under Federal Rule of Evidence 406.[1] The prior unrelated lawsuits do not cumulatively constitute evidence of habit or routine as required by the court in *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1524 (11th Cir. 1985), a case which both parties cited to the Court. In *Loughan*, the defendant was permitted to introduce evidence of the plaintiff's habit of drinking between 1968 and July 24, 1974, as the court deemed it relevant to the defendant's defenses of assumption of the risk and apportionment of liability. However, the Eleventh Circuit stated: "We stress that 'habit or pattern of conduct is never to be lightly established, and evidence of example, for purpose of establishing such habit, is to be carefully scrutinized before admission.'" 749 F.2d at 1524 (citing *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 511 (4th Cir. 1977)). In the instant case, after carefully scrutinizing the unrelated lawsuits against Defendant Chowdry and Defendant Atlas Aviation, the Court easily finds that they do not establish a habit or custom under Rule 406. Thus, the prior lawsuits shall not be introduced into

---

[1] In the Joint Notice of Conferral, Plaintiff stated that it was only seeking to admit the evidence under Rule 406. [DE 266, p. 2].

evidence, unless Defendants somehow open the door to their admissibility at trial.

c. The Motion is denied to the extent it seeks to exclude evidence pertaining to the particular uses Defendants made of the $1,130,475.00 balance at issue. Plaintiff may admit evidence regarding how Defendants spent or used the money at trial. Such evidence is clearly relevant to the allegations in the Third Amended Complaint.

d. The Motion is denied to the extent it seeks to exclude a certain email between Ronni Chowdry and Steven Karalekas dated April 10, 2014 [DE 226]. The email is not protected by the attorney-client privilege. Moreover, the email is relevant, and its probative value is not outweighed by the unfair prejudice it allegedly may cause to Defendants pursuant to Federal Rule of Evidence 403(b).

e. The Motion is granted in part and denied in part to the extent it seeks to exclude evidence related to the "CVC Associates" transaction. Plaintiff is permitted to introduce evidence regarding the amount of money involved in the transaction (i.e. the total sale price and the amount of the commission), as well as the date of the transaction. Additionally, the parties are ordered to confer regarding appropriate redactions to the purchase and sale agreement which Plaintiff seeks to introduce at trial. The names of the non-parties to the lawsuit and the specific airplane identified may be redacted, as discussed at the September 17, 2018 hearing.

f. The Motion is granted in part and denied in part to the extent it seeks to

exclude evidence pertaining to assets, income, or revenue of Atlas Luxury Jets, LLC. The Court first notes that Plaintiff's counsel stated at the September 17, 2018, hearing that Plaintiff does not really have any such evidence. The Court finds that evidence pertaining to assets, income, or revenue of Atlas Luxury Jets, LLC, is not relevant to Plaintiff's theory of successor liability. However, evidence regarding the financial dealings between Steven Karalekas and Atlas Luxury Jets, LLC, may possibly be relevant based on the context in which such evidence is introduced at trial. If Plaintiff wishes to introduce such evidence or testimony at trial, it shall alert opposing counsel and the Court in advance so the Court can rule on the issue in light of the other evidence and testimony adduced at trial.

2. **Plaintiff's Motion in Limine to Exclude Testimony Regarding Plaintiff's Tax and Accounting Practices and Plaintiff's President's Divorce [DE 229]** is GRANTED IN PART AND DENIED IN PART.

   a. The Motion [DE 229] is granted to the extent that Plaintiff seeks to exclude evidence regarding Plaintiff's president's divorce proceedings and divorce settlement at trial. Based upon the dates and facts presented to the Court at the September 17, 2018 hearing, the Court finds that Defendants seek to introduce evidence regarding Plaintiff's president's divorce based on mere speculation. Such evidence is not relevant and appears to be more unfairly prejudicial than probative under Federal Rule of Evidence 403. However, as discussed at the September 17, 2018 hearing, should Defendants provide the Court with more specific dates, information, and support by way of admissible evidence

4

regarding the alleged probative nature of the divorce proceedings, the Court will re-address the matter. The Court also notes that Defendants have agreed to exclude evidence pertaining to the reasons for Plaintiff's president's divorce [DE 266, p. 2], and that evidence, testimony, or argument is also excluded.

b. The Motion is denied to the extent that Plaintiff seeks to exclude questions and testimony regarding Plaintiff and Plaintiff's president's taxes, tax obligations, and accounting practices. Such evidence is relevant as it is inextricably intertwined with the facts alleged in the Third Amended Complaint.[2] It would be unfair and prejudicial to Defendants' defense to try to surgically excise this evidence at trial. The Court simply has no fair way to exclude such evidence or testimony at trial in light of the strange and unique facts involved in this case. In a similar vein, the Court will allow the introduction of evidence and testimony regarding Defendants' taxes, tax obligations, and accounting practices. However, the Court cautions counsel that it will not allow such evidence or testimony to become a major feature of the trial as it is just one part of the total evidence to be adduced in this case.

3. **Plaintiff's Motion in Limine to Exclude Argument Regarding Details of Tyrus Wings Transaction [DE 230]** is GRANTED IN PART AND DENIED IN PART. Defendants have agreed to exclude evidence of the identity of the parties to the Tyrus Wings Transaction and evidence pertaining to the sale price and the identity of the

---

[2] At the September 17, 2018 hearing, Plaintiff's counsel argued that Plaintiff is no longer pursuing the relief sought in Count IV of the Third Amended Complaint, which count Plaintiff's counsel described as seeking solely injunctive relief. Defendants' counsel argued that Count IV seeks both injunctive relief and monetary damages and that Plaintiff has not moved to amend its complaint to remove Count IV, as required. The Court will hear additional argument about Count IV at the September 20, 2018 hearing and will determine whether to sever, strike, or dismiss Count IV or take any other action regarding Count IV.

aircraft. [DE 266, p. 2]. Defendants may present as evidence at trial the W-9 related to the Tyrus Wing transaction and associated documents, deposition designations from Geoff Andrews' deposition regarding the transaction, and email correspondence to or from Geoff Andrews related to the transaction. Such evidence is inextricably intertwined with the facts of this case and is relevant to the issues to be decided at trial. However, Defendants may not present as evidence at trial emails between Geoff Andrews and defense counsel, as those emails would potentially and unnecessarily turn defense counsel into a witness. Moreover, they appear to lack any real relevance to the issues to be tried.

4. **Plaintiff's Amended Motion in Limine to Admit Evidence of Certain Prior Conduct [DE 233]**, which deals with Defendants' prior lawsuits, is DENIED for the reasons stated in Paragraph 1(b) above.

5. Finally, as to all four Motions, the Court's rulings are pre-trial and are based upon the evidence and argument presented to the Court at this juncture. The Court notes that it can always reconsider the exclusion of any evidence or testimony based upon the realities of trial. The parties are free to re-address the exclusion of evidence in this Order during trial outside the presence of the jury if they have a reasonable, good faith basis to do so based upon the testimony, evidence, or arguments presented at trial.

   **DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this _18th_ day of September, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge

6